IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **MICHAEL ANTHONY COLEMAN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Civil Action No. 5:10-1110 |
| ) | |
| **DAVID BERKEBILE, Warden,** ) | |
| **FCI Beckley,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On September 15, 2010, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody. (Document No. 1.) Petitioner indicates that in August, 2009, the United States District Court for the Northern District of West Virginia sentenced him to 18 months in prison for "distribution of cocaine base/revoke (revocation) of supervision."[1] Petitioner challenges the Bureau of Prisons' computation of his sentence stating the following two related grounds for relief:

---

[1] Petitioner and others were charged by Indictment filed on September 20, 2001, in the Northern District of West Virginia. *United States v. Coleman*, Criminal No. 2:01-0021. Petitioner was charges with conspiring to distribute and distributing controlled substances in violation of 21 U.S.C. §§ 846 and 841 (a)(1). It appears that on July 15, 2002, Petitioner entered a plea of guilty to a charge that he distributed controlled substances in violation of Section 841(a)(1) (*Id.*, Document Nos. 175 and 176.) and was sentenced on October 23, 2002, to an 84 month term of imprisonment and a three year term of supervised release. (*Id.*, Document No. 193.). It appears that Petitioner's sentence was reduced in October, 2004. (*Id.*, Document No. 211.) It further appears that Petitioner began his term of supervised release in 2007 (*Id.*, Document No. 219.) and on June 25, 2009, he was arrested on charges that he violated the terms and conditions of supervised release and detained (*Id.*, Document No. 247.) On July 21, 2009, his term of supervised release was revoked and he was sentenced to a further 18 month term of imprisonment and a ten month term of supervised release (*Id.*, Document No. 261.). Petitioner began his ten month term of supervised release in October, 2010. (*Id.*, Document No. 283.)

> FBOP denied me credit from June 2009 – August 2009 which I was released from State (Maryland) custody to FBOP custody.
>
> Sentence computation from State of Maryland clearly states my release from custody into the custody of U. S. Marshals and FBOP custody. Therefore credit of days should be awarded to my federal sentence.

The BOP's Inmate Locator indicates that Petitioner was released from custody on October 22, 2010, about five weeks after he filed his Application herein.[2]

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury,

---

[2] It appears that Petitioner was in custody on the charge that he violated the terms and conditions of supervised release from June 25, 2009, to October 22, 2010, about 16 months.

> caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner, who is acting *pro se.*

Date: June 23, 2011.

R. Clarke VanDervort
United States Magistrate Judge